TATE, Judge
(concurring).
The plaintiff employee’s duties included the erection and repair of television antennas, the work in which he was injured. At the time of the accident he was being paid wages, and the injury occurred during normal working hours. His employer’s testimony is included by stipulation, and it is to the effect that she did not charge her employees for television work or repair in connection with the employees’ personal sets, whether such was done by the employee himself or by a fellow employee, the reason for her policy in this regard being that she considered it beneficial to her business in creating a better employee and employer relationship.
Under the circumstances, I think our majority opinion correctly holds that the employee is entitled to workmen’s compensation, even though the television antenna on which he was working when injured was his own. The employee’s right to compensation for injuries sustained while performing for wages his regular duties during his regular working hours, should not depend upon incidental circumstances such as whether the property upon which he was working for wages with his employer’s consent belonged to himself or not, or such as whether the employer did or did not charge the consumer (in this case, the employee himself) for these services. The work in which the plaintiff was injured was part of his employment duties, he was paid wages for performing the work in which injured during regular working hours, and the work in which he was injured was part of the business of his employer; the disability so resulting is compensable as arising out of a risk to which the employee is subjected because of his employment and in the course of his work and his working hours.
For these reasons, in addition to those stated in our original majority opinion, I concur in the denial of the application for rehearing.